[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 47.]

MCBROOM, APPELLANT, *v*. RUSSELL, WARDEN, APPELLEE.

[Cite as *McBroom v. Russell*, 1996-Ohio-80.]

*Habeas corpus not available to challenge either the validity or the sufficiency of an indictment—Habeas corpus petition denied for failure to comply with R.C. 2725.04(D).*

(No. 96-870—Submitted September 24, 1996—Decided November 6, 1996.)

APPEAL from the Court of Appeals for Warren County, No. CA96-01-001.

───────────────

{¶ 1} In January 1996, appellant, Leonard McBroom, an inmate at Lebanon Correctional Institution, filed a petition in the Court of Appeals for Warren County for a writ of habeas corpus compelling his release from confinement. McBroom alleged that in February 1989, he was indicted on multiple counts of robbery and aggravated robbery with various specifications. McBroom claimed that the Montgomery County Court of Common Pleas lacked jurisdiction to try him on the charged offenses because the indictment was not sufficiently specific to give him notice of the charges. McBroom did not attach to his petition a copy of the common pleas court's judgment of conviction and sentence. In addition, McBroom's petition contained no verification.

{¶ 2} Appellee, Warden Harry K. Russell, filed a motion to dismiss the petition. In March 1996, the court of appeals granted Russell's motion and dismissed the petition.

{¶ 3} The cause is now before this court upon appeal as of right.

───────────────

*Leonard McBroom, pro se*.

*Betty D. Montgomery*, Attorney General, and *Karl R. Wetzel*, Assistant Attorney General, for appellee.

*Per Curiam.*

{¶ 4} In his sole proposition of law, McBroom asserts that the court of appeals erred in dismissing his habeas corpus petition. In order to withstand dismissal, a petition for a writ of habeas corpus must conform to R.C. 2725.04 and state with particularity the extraordinary circumstances entitling the petitioner to the writ. See, generally, *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 187, 652 N.E.2d 746, 748.

{¶ 5} As the court of appeals correctly held, McBroom merely challenged the sufficiency of the indictment, which is not cognizable in habeas corpus. *Luna v. Russell* (1994), 70 Ohio St.3d 561, 562, 639 N.E.2d 1168, 1169 (Habeas corpus is not available to challenge either the validity or the sufficiency of an indictment.). McBroom possessed an adequate remedy by direct appeal to raise this issue. *Id.*

{¶ 6} In addition, McBroom failed to attach a copy of his trial court's sentencing order, in violation of R.C. 2725.04(D). *Brown v. Rogers* (1995), 72 Ohio St.3d 339, 341, 650 N.E.2d 422, 423, quoting *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 146, 602 N.E.2d 602 ("'These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.'"). McBroom also did not verify his petition. R.C. 2725.04 ("Application for the writ of habeas corpus *shall be by petition, signed and verified* either by the party for whose relief it is intended, or by some person for him ***."). (Emphasis added.)

{¶ 7} Based on the foregoing, the court of appeals properly dismissed the petition.

{¶ 8} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

—————————————