[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 174.]

WORKMAN, APPELLANT, *v.* SHIPLEVY, WARDEN, APPELLEE.

[Cite as *Workman v. Shiplevy*, 1997-Ohio-128.]

*Habeas corpus to compel release from Lima Correctional Institution—Petition dismissed for failure to comply with R.C. 2725.04(D).*

(No. 97-870—Submitted September 9, 1997—Decided October 29, 1997.)

APPEAL from the Court of Appeals for Allen County, No. CA97020009.

―――――――――

{¶ 1} In February 1997, appellant, Kenneth D. Workman, an inmate at Lima Correctional Institution, filed a petition in the Court of Appeals for Allen County for a writ of habeas corpus to compel appellee, Warden Carole J. Shiplevy, to immediately release him from prison. Workman claimed that he was entitled to the writ because of a 1991 *nunc pro tunc* entry of the Cuyahoga County Court of Common Pleas. Workman attached a copy of the entry to his petition. Shiplevy filed a Civ.R. 12(B)(6) motion to dismiss. The court of appeals granted Shiplevy's motion and dismissed the petition because Workman did not attach copies of all pertinent commitment papers to his petition.

{¶ 2} The cause is now before this court upon an appeal as of right.

―――――――――

*Kenneth D. Workman*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *Donald G. Keyser*, Assistant Attorney General, for appellee.

―――――――――

*Per Curiam.*

{¶ 3} Workman asserts that the court of appeals erred in dismissing his habeas corpus petition. In order to withstand dismissal, a petition for a writ of habeas corpus must conform to R.C. 2725.04 and state with particularity the

extraordinary circumstances entitling the petitioner to the writ. *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11.

{¶ 4} The court of appeals correctly held that Workman did not comply with R.C. 2725.04(D) because he did not attach all his pertinent commitment papers. *Brown v. Rogers* (1995), 72 Ohio St.3d 339, 340-341, 650 N.E.2d 422, 423. The *nunc pro tunc* entry attached to Workman's petition references sentences in nine different criminal cases which were not attached to the petition. Although Workman's claim is primarily based on the *nunc pro tunc* entry, the court of appeals did not err in holding that the other judgments referred to in that entry were pertinent and that it was impossible to have a complete understanding of Workman's claim without them. *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 146, 602 N.E.2d 602.

{¶ 5} In addition, even assuming that Workman's contentions on appeal are correct, reversal of the court of appeals' judgment is unwarranted because Workman also failed to verify his petition in accordance with R.C. 2725.04. *McBroom*, 77 Ohio St.3d at 48, 671 N.E.2d at 11; *Messer v. McAninch* (1997), 77 Ohio St.3d 1511, 673 N.E.2d 1383.

{¶ 6} Based on the foregoing, the court of appeals properly dismissed the petition.

{¶ 7} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————