THE STATE EX REL. LAKE, APPELLANT, *v.* ANDERSON, WARDEN, APPELLEE.

[Cite as *State ex rel. Lake v. Anderson* (1997), ___ Ohio St.3d ___.]

*Criminal procedure — Parole — Adult Parole Authority has inherent authority*

*to correct parole violator's release date — Habeas corpus to compel*

*inmate's release from prison — Petition dismissed when not verified and*

*all pertinent commitment papers are not attached to the petition.*

(No. 97-1298 — Submitted December 3, 1997 — Decided December 31, 1997.)

APPEAL from the Court of Appeals for Richland County, No. 97 CA 39.

In 1981, appellant, Frederick Lake, was convicted of burglary and attempted breaking and entering and was sentenced to an aggregate prison term of five to fifteen years. Between 1984 and 1994, he was paroled and declared a parole violator on several occasions. In March 1995, the Ohio Adult Parole Authority ("APA") revoked Lake's parole and ordered him to serve the remaining maximum term of his sentence. Although the APA initially erroneously specified Lake's release date as March 29, 1997, it subsequently corrected its records to reflect Lake's actual release date of September 6, 2000.

In April 1997, Lake filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his release from prison. Lake claimed that the APA lacked authority to recalculate his release date. The petition was not verified and did not contain a copy of the 1995 parole revocation. The court of appeals dismissed Lake's petition because it determined that the APA has inherent authority to correct release dates.

This cause is now before the court upon an appeal as of right.

———————————

*Cozza & Steuer* and *John T. Price*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.*** Lake asserts in his propositions of law that the court of appeals erred by dismissing his petition and not holding an evidentiary hearing. Lake's assertions, however, are meritless for the following reasons.

First, as the court of appeals correctly determined, the APA had authority to correct Lake's release date. Cf. *Hattie v. Anderson* (1994), 68 Ohio St.3d 232, 233, 626 N.E.2d 67, 70 ("[T]he APA possesses discretion to rescind an unexecuted order for a prisoner to receive parole at a future date without providing a hearing."). Lake has no right to be released before the expiration of his actual sentence. See *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 125, 630 N.E.2d 696, 698. Second, Lake did not verify his petition. *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11; R.C. 2725.04. Finally, Lake did not attach all of his pertinent commitment papers to his petition. *Brown v. Rogers* (1995), 72 Ohio St.3d 339, 340-341, 650 N.E.2d 422, 423; R.C. 2725.04(D). Although Lake claimed entitlement to release from prison based on a release date specified in the APA's March 1995 parole revocation order, he did not attach a copy of this order to his petition.

Based on the foregoing, the court of appeals did not err in dismissing Lake's petition. No evidentiary hearing was required. See *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196; *Marshall v. Lazaroff* (1997), 77 Ohio St.3d 443, 443-444, 674 N.E.2d 1378, 1378-1379. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.