[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 109.]

THE STATE EX REL. RANZY, APPELLANT, *v*. COYLE, WARDEN, APPELLEE.

[Cite as *State ex rel. Ranzy v. Coyle*, 1998-Ohio-648.]

*Habeas corpus petition denied for failure to comply with R.C. 2725.04.*

(No. 97-1567—Submitted January 21, 1998—Decided February 18, 1998.)

APPEAL from the Court of Appeals for Richland County, No. 97 CA 35.

———————————

{¶ 1} According to appellant, Jerry Ranzy, a.k.a. Eddie Rice, he was convicted in 1973 of armed robbery and sentenced to ten to twenty-five years in prison. In subsequent years, Ranzy was convicted of several felonies and was sentenced accordingly.

{¶ 2} In 1997, Ranzy filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his release from prison. Ranzy claimed that based on former R.C. 2929.41(B), all of his sentences for new crimes following 1973 were imposed concurrently rather than consecutively to his 1973 sentence, and that his 1973 sentence had expired. Ranzy did not verify his petition. In addition, although the attachments to Ranzy's petition referred to several convictions, including two armed robbery convictions preceding the 1973 conviction, he did not attach all of these judgment entries to his petition. The court of appeals denied the writ.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*Jerry Ranzy, pro se*.

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

**{¶ 4}** Ranzy asserts that the court of appeals erred by denying the writ of habeas corpus. Ranzy's assertion, however, is meritless for the following reasons.

**{¶ 5}** First, Ranzy's maximum prison term has not expired. As the court of appeals correctly concluded, under former R.C. 2929.41(B)(3),[1] Ranzy's sentences for new felonies committed after his 1973 conviction and sentence for armed robbery were to be served consecutively to his 1973 sentence. Second, Ranzy did not verify his petition as required by R.C. 2725.04. *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349. Finally, Ranzy did not attach copies of all of his pertinent commitment papers. *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11.

**{¶ 6}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

---

1. Former R.C. 2929.41(B) provided:

"A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

"* * *

"(3) When it is imposed for a new felony committed by the probationer, parolee, or escapee."