[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 193.]

THE STATE EX REL. WYNN, APPELLANT, *v*. MCFAUL, SHERIFF, APPELLEE.

[Cite as *State ex rel. Wynn v. McFaul*, 1998-Ohio-637.]

*Mandamus to compel release from commitment—Petition dismissed for failure to comply with R.C. 2725.04(D).*

(No. 97-2036—Submitted January 13, 1998—Decided March 4, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 72993.

————————————

{¶ 1} Appellant, Turhan Wynn, filed a petition in the Court of Appeals for Cuyahoga County for a writ of habeas corpus. Wynn claimed that he had been arrested "pursuant to a capias" for a probation violation charge and that he had not been promptly brought before a court for a hearing on the charge. Wynn did not attach any commitment papers to his petition. The court of appeals *sua sponte* dismissed Wynn's petition because he failed to comply with R.C. 2725.04(D) by not attaching any commitment papers.

{¶ 2} This cause is now before the court upon an appeal as of right.

————————————

*Turhan Wynn, pro se*.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Diane Smilanick*, Assistant Prosecuting Attorney, for appellee.

————————————

***Per Curiam.***

{¶ 3} Wynn asserts that the court of appeals erred in dismissing his petition. In order to withstand dismissal, a petition for a writ of habeas corpus must conform to R.C. 2725.04 and allege with particularity the extraordinary circumstances entitling the petitioner to the writ. *Workman v. Shiplevy* (1997), 80 Ohio St.3d 174, 685 N.E.2d 231.

**{¶ 4}** The court of appeals properly dismissed Wynn's petition because he did not comply with the R.C. 2725.04(D) requirement to attach his pertinent commitment papers. Wynn did not attach a copy of the capias for his arrest, which he alleged to be the cause of his commitment. See *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11; *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 146, 602 N.E.2d 602, 603 ("These commitment papers are necessary for a complete understanding of the petition. Without them the petition is fatally defective.").

**{¶ 5}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____