THE STATE EX REL. CRIGGER, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY ET AL., APPELLEES.

[Cite as *State ex rel. Crigger v. Ohio Adult Parole
Auth.* (1998), 82 Ohio St.3d 270.]

(No. 97–2519—Submitted June 10, 1998—Decided July 1, 1998.)

*Robert Crigger, pro se.*

**Per Curiam.**

### Waiver of Fees

Crigger initially asserts that the court of appeals erred by assessing $50 in filing fees against him. He contends that the court of appeals improperly applied R.C. 2969.22 *et seq.* because these statutes do not apply to habeas corpus actions and R.C. 2725.28 precluded the court from requiring that he pay the $50 filing fee.

However, Crigger's own attachment to his affidavit of waiver and indigency indicated that the prison cashier certified that he had funds in his account to cover the fee. Crigger was not indigent, and we therefore need not address his contention that R.C. 2969.22 *et seq.* do not apply to habeas corpus actions. Also, since Crigger did not raise the applicability of R.C. 2725.28 in the court of appeals, we need not consider that issue on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus.

### Opportunity to Respond to Motion to Dismiss

Crigger next asserts that the court of appeals erred by granting the APA's motion to dismiss before affording him the opportunity to respond. R.C. Chapter 2725, however, which prescribes a basic, summary procedure for instituting habeas corpus actions, does not require service of the petition before dismissal if the petition does not contain a facially valid claim. *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760; *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 608–609, 653 N.E.2d 659, 661. Since Crigger's petition was not facially valid, see below, and the court of appeals could have dismissed it immediately *sua sponte*, there was no prejudice in not considering Crigger's response to the motion to dismiss.

Habeas Corpus

Crigger asserts in his remaining propositions of law that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Crigger's contentions are meritless.

First, while Crigger is correct that his sentencing entry is irrelevant to his complaint about his current confinement, see *Brown v. Rogers* (1995), 72 Ohio St.3d 339, 341, 650 N.E.2d 422, 423, he failed to attach anything to his petition concerning the April 1996 parole revocation proceedings and the alleged increased parole sanctions that he challenges in his petition for a writ of habeas corpus. Therefore, we have nothing but the bare allegations of Crigger's petition concerning his claimed entitlement to a writ of habeas corpus based on the April 1996 proceedings. He did not attach *all* of his pertinent commitment papers. See *State ex rel. Lake v. Anderson* (1997), 80 Ohio St.3d 491, 492, 687 N.E.2d 453, 454; *Workman v. Shiplevy* (1997), 80 Ohio St.3d 174, 174–175, 685 N.E.2d 231, 232.

Second, except for his claim of unreasonable delay in conducting parole revocation proceedings, Crigger's contentions that the subsequent parole revocation proceedings denied him due process of law under *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, and resulted in *ex post facto* imposition of punishment are not cognizable in habeas corpus. See *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749 ("As long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* parole-revocation due process requirements is a new hearing, not outright release from prison."); *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888 (because there is no constitutional or statutory right to parole, change in parole eligibility date does not constitute *ex post facto* imposition of punishment).

Third, Crigger did not state with sufficient particularity his entitlement to extraordinary relief in habeas corpus. While he alleged in a conclusory manner that the APA did not afford him a parole revocation hearing in a timely fashion, he did not state with sufficient particularity prejudice from the APA's alleged actions. See *Jackson, supra,* 73 Ohio St.3d at 188, 652 N.E.2d at 749, holding that under the applicable test for unreasonable delay, prejudice receives substantial emphasis, and that the most serious component of prejudice is the possibility that delay will impair the accused parole violator's defense at his final parole revocation hearing. Here, while Crigger alleged that he "lost the ability to present witnesses" as a direct result of the delay, he did not specify why he could not present affidavits from these witnesses and what these witnesses would have testified about concerning his later parole revocation proceedings following his

rearrest in May 1996. Crigger did not even specify the nature of his alleged parole violations, which his witnesses allegedly would have refuted.

Based on the foregoing, the court of appeals properly dismissed Crigger's habeas corpus petition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*


MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.