[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 270.]

THE STATE EX REL. CRIGGER, APPELLANT, *v.* OHIO ADULT PAROLE

AUTHORITY ET AL., APPELLEES.

[Cite as *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 1998-Ohio-239.]

*Habeas corpus to compel relator's immediate release from custody—Petition*
*dismissed, when.*

(No. 97-2519—Submitted June 10, 1998—Decided July 1, 1998.)

APPEAL from the Court of Appeals for Ross County, No. 97CA2334.

_____

{¶ 1} In September 1997, appellant, Robert Crigger, filed a petition in the Court of Appeals for Ross County for a writ of habeas corpus to compel appellees, Ohio Adult Parole Authority ("APA") and the warden of Ross Correctional Institution, to immediately release him from custody.

{¶ 2} Crigger alleged that in June 1988, the Madison County Common Pleas Court sentenced him to a prison term of three to fifteen years for a criminal conviction which he did not specify in the allegations. In August 1995, the APA paroled Crigger. In March 1996, he was arrested on charges of violating his parole, and in April 1996, following parole revocation proceedings, the hearing officer imposed parole violation sanctions on Crigger which were more severe than his previous parole conditions. In May 1996, Crigger was again arrested for violating parole, and in July 1996, following a revocation proceeding, the APA revoked his parole.

{¶ 3} In his petition, Crigger claimed that he was entitled to immediate release from prison because both his April 1996 parole revocation proceedings and the parole revocation proceedings following his rearrest in May 1996 violated constitutional provisions, including due process and *ex post facto* imposition of punishment. Crigger attached a copy of the APA's parole revocation order to his

petition but did not attach either his 1988 sentencing entry or any documentation concerning the APA's April 1996 parole revocation proceedings.

{¶ 4} Crigger requested in his petition that the court of appeals waive any filing fees and costs. He stated that as of June 17, 1997, he had a balance in his inmate account of $25.60 and therefore did not have the necessary funds to pay fees and costs. An attached certification by the prison cashier, however, reflected a balance of $97.34 in Crigger's inmate account twelve days earlier. In addition, the prison cashier certified that Crigger's average monthly deposits were $139.29. The court of appeals ordered the institution cashier to remit $50 from Crigger's inmate account "in accordance with O.R.C. 2969.22." Crigger then again moved to waive the filing fee and costs, this time asserting that R.C. 2969.22 *et seq*. did not apply to his action because, *inter alia*, it did not constitute a civil action for purposes of those statutes.

{¶ 5} The court of appeals granted the APA's motion to dismiss Crigger's petition. It held that he had not attached all of his pertinent commitment papers and that he had not stated with particularity why he was entitled to a writ of habeas corpus. The court of appeals did not consider Crigger's reply to the APA's dismissal motion prior to its judgment, and based on R.C. 2969.22 *et seq*., it overruled Crigger's motion to waive filing fees and costs.

{¶ 6} This cause is now before the court upon an appeal as of right.

_____

*Robert Crigger, pro se*.

_____

**Per Curiam.**

Waiver of Fees

{¶ 7} Crigger initially asserts that the court of appeals erred by assessing $50 in filing fees against him. He contends that the court of appeals improperly applied R.C. 2969.22 *et seq*. because these statutes do not apply to habeas corpus

actions and R.C. 2725.28 precluded the court from requiring that he pay the $50 filing fee.

{¶ 8} However, Crigger's own attachment to his affidavit of waiver and indigency indicated that the prison cashier certified that he had funds in his account to cover the fee. Crigger was not indigent, and we therefore need not address his contention that R.C. 2969.22 *et seq.* do not apply to habeas corpus actions. Also, since Crigger did not raise the applicability of R.C. 2725.28 in the court of appeals, we need not consider that issue on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus.

Opportunity to Respond to Motion to Dismiss

{¶ 9} Crigger next asserts that the court of appeals erred by granting the APA's motion to dismiss before affording him the opportunity to respond. R.C. Chapter 2725, however, which prescribes a basic, summary procedure for instituting habeas corpus actions, does not require service of the petition before dismissal if the petition does not contain a facially valid claim. *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760; *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 608-609, 653 N.E.2d 659, 661. Since Crigger's petition was not facially valid, see below, and the court of appeals could have dismissed it immediately *sua sponte*, there was no prejudice in not considering Crigger's response to the motion to dismiss.

Habeas Corpus

{¶ 10} Crigger asserts in his remaining propositions of law that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Crigger's contentions are meritless.

{¶ 11} First, while Crigger is correct that his sentencing entry is irrelevant to his complaint about his current confinement, see *Brown v. Rogers* (1995), 72 Ohio St.3d 339, 341, 650 N.E.2d 422, 423, he failed to attach anything to his petition concerning the April 1996 parole revocation proceedings and the alleged

increased parole sanctions that he challenges in his petition for a writ of habeas corpus. Therefore, we have nothing but the bare allegations of Crigger's petition concerning his claimed entitlement to a writ of habeas corpus based on the April 1996 proceedings. He did not attach *all* of his pertinent commitment papers. See *State ex rel. Lake v. Anderson* (1997), 80 Ohio St.3d 491, 492, 687 N.E.2d 453, 454; *Workman v. Shiplevy* (1997), 80 Ohio St.3d 174, 174-175, 685 N.E.2d 231, 232.

{¶ 12} Second, except for his claim of unreasonable delay in conducting parole revocation proceedings, Crigger's contentions that the subsequent parole revocation proceedings denied him due process of law under *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, and resulted in *ex post facto* imposition of punishment are not cognizable in habeas corpus. See *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749 ("As long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* parole-revocation due process requirements is a new hearing, not outright release from prison."); *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888 (because there is no constitutional or statutory right to parole, change in parole eligibility date does not constitute *ex post facto* imposition of punishment).

{¶ 13} Third, Crigger did not state with sufficient particularity his entitlement to extraordinary relief in habeas corpus. While he alleged in a conclusory manner that the APA did not afford him a parole revocation hearing in a timely fashion, he did not state with sufficient particularity prejudice from the APA's alleged actions. See *Jackson, supra*, 73 Ohio St.3d at 188, 652 N.E.2d at 749, holding that under the applicable test for unreasonable delay, prejudice receives substantial emphasis, and that the most serious component of prejudice is the possibility that delay will impair the accused parole violator's defense at his final parole revocation hearing. Here, while Crigger alleged that he "lost the ability

to present witnesses" as a direct result of the delay, he did not specify why he could not present affidavits from these witnesses and what these witnesses would have testified about concerning his later parole revocation proceedings following his rearrest in May 1996. Crigger did not even specify the nature of his alleged parole violations, which his witnesses allegedly would have refuted.

**{¶ 14}** Based on the foregoing, the court of appeals properly dismissed Crigger's habeas corpus petition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____