[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 659.]

JONES, APPELLANT, *v.* MCANINCH, WARDEN, APPELLEE.

[Cite as *Jones v. McAninch*, 1999-Ohio-332.]

*Petition for writ of habeas corpus seeking release from prison—Petition dismissed, when.*

(No. 97-911—Submitted May 26, 1999—Decided June 23, 1999.)

APPEAL from the Court of Appeals for Ross County, No. 97CA2273.

———————————

{¶ 1} In February 1997, appellant, Keith L. Jones, filed a petition for a writ of habeas corpus to compel appellee, Warden Fred McAninch, to release him from prison. Jones claimed that while he was on parole in 1994, he was convicted and sentenced for new crimes, *i.e.*, theft and insurance fraud. Jones further claimed that although the sentences for these new crimes subsequently expired in 1995, the Ohio Adult Parole Authority ("APA") failed to hold a parole revocation hearing within a reasonable time. Jones did not attach copies of the sentences that he claimed had expired and did not allege any prejudice resulting from the claimed delay. The court of appeals granted McAninch's motion and dismissed Jones's habeas corpus petition.

{¶ 2} This cause is now before the court upon an appeal as of right.

———————————

*Keith L. Jones, pro se*.

———————————

**Per Curiam.**

{¶ 3} Jones asserts that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Jones's claim is meritless.

{¶ 4} As the court of appeals correctly held, Jones did not attach all of his pertinent commitment papers, namely, copies of the sentences for the new crimes

he alleged had expired. R.C. 2725.04(D); *State ex rel. Lake v. Anderson* (1997), 80 Ohio St.3d 491, 492, 687 N.E.2d 453, 454.

{¶ 5} Moreover, although Jones claimed that the APA failed to hold a parole revocation hearing within a reasonable time after the expiration of the sentences for his new crimes, Jones did not allege with sufficient particularity any prejudice from the APA's alleged failure to hold that hearing in a timely fashion. *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 272-273, 695 N.E.2d 254, 256.

{¶ 6} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————