This cause comes on appeal from a December 27, 1999 judgment of the Common Pleas Court dismissing pro se appellant's complaint for declaratory judgment, essentially seeking release from prison as he had fully served his sentence. Appellee Ohio Adult Parole Authority has filed a motion to dismiss this appeal, which now comes on for consideration. Appellee asserts that appellant has failed to comply with R.C. 2969.25 (A) and (C) by filing an affidavit listing each civil action and appeal filed by the inmate in the previous five years.
Under R.C. 2969.25 (A):
 "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 (1) A brief description of the nature of the civil action or appeal;
 (2) The case name, case number, and the court in which the civil action or appeal was brought;
(3) The name of each party to the civil action or appeal;
 (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."
The record before this court is void of the required affidavit either at the time that appellant commenced his civil action for declaratory judgment or when he filed his notice of appeal on January 19, 2000 from the dismissal entry. It was not until March 2, 2000 that appellant filed a "Motion to File Supplementary Pleadings" with the required affidavit, in response to the underlying Motion to Dismiss filed by appellee.
In the case of State ex rel. Washington v. Ohio Adult ParoleAuthority (1999), 87 Ohio St.3d 258, this state's Supreme Court upheld the dismissal of a mandamus complaint for failure to file the required affidavit along with the complaint. It is clearly established that the filing of the affidavit is mandatory. Failure to file said affidavit is cause for dismissal. State exrel. Afford v. Winters (1997), 80 Ohio St.3d 285; State ex rel.Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; State exrel. Washington v. Ohio Adult Parole Authority (1999), 87 Ohio St.3d 258.
The statute clearly requires that when an inmate commences a civil action or appeal against a government entity or employee, the affidavit shall be filed. No timely affidavit was filed either in the underlying civil action or this appeal.
There is a second reason why this court must affirm the judgment of the lower court. The ultimate relief sought by the complaint is release from prison. The appropriate action to file for release from prison is a complaint in habeas corpus. As noted in State ex rel. Lemmon v. Ohio Adult Parole Authority (1997), 78
Ohio St.3d 186 at 188:
 "* * *, habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison. See, e.g., State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 594, 635 N.E.2d 26, 30 (`[M]andamus is no longer available in these cases given the availability of habeas corpus.'). A contrary holding would permit inmates seeking immediate release from prison to employ mandamus to circumvent the statutory pleading requirements for instituting a habeas corpus action, i.e., attachment of commitment papers and verification. R.C. 2725.04; Brown v. Rogers (1995), 72 Ohio St.3d 339, 650 N.E.2d 422; McBroom v. Russell (1996), 77 Ohio St.3d 47, 671 N.E.2d 10."
See, also, State ex rel. Larkins v. Aurelius (1988), 84 Ohio St.3d 112; State ex rel. Johnson v. Ohio Parole Bd. (1997),80 Ohio St.3d 140.
Accordingly, appellant's motion to file supplementary pleadings is denied. The judgment of the trial court dismissing the complaint for declaratory judgment is affirmed. Costs of this proceeding taxed against appellant.