DECISION AND JUDGMENT ENTRY
David Walker appeals the dismissal of his petition for a writ of habeas corpus by the Scioto County Court of Common Pleas. He assigns the following errors:
 FIRST ASSIGNMENT OF ERROR THE COURT BELOW ERRED IN "NOT" ORDERING THE RESPONDENT TO PRODUCE A RETURN OF WRIT, IN THE COMPLIANCE [sic] WITH HABEAS CORPUS INQUIRY R.C. 2725.01.
 SECOND ASSIGNMENT OF ERROR THE BELOW COURT "ERRED PREJUDICIALLY" BY DISMISSING HABEAS [sic], CONTRARY TO LAW, AND AGIANST [sic] MANIFESTED [sic] WIEGHT [sic] OF EVIDENCE. VIOLATING DISCRETIONARY STANDARD.
 THIRD ASSIGNMENT OF ERROR THE BELOW COURT ERRED, BY NOT PROVIDING FACT AND FINDINGS, AND CONCLUSIONS OF LAW . . . WHEREAS, TIMELY REQUEST WAS MADE IN 9-22-00 MOTION FOR NEW TRIAL, AND OVERRULED SUCH REQUEST! [sic]
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY RULING AGIANST [sic] LEGISLATIVE STATUTORY LAW REVISED CODE 2967.01, 2929.41(B)(3), 2967.15(B) AND, DISMISSED LEGITIMATE MERITS OF CONSISTENT WITH LAW [sic]!
 Because we find that the trial court properly dismissed appellant's petition, we overrule these assigned errors.
The history of appellant's incarceration is not entirely clear from the record; therefore, we rely on appellees' brief for the following facts.[1] In February 1985, appellant pled guilty to and was convicted of aggravated robbery in case number CR-194750 in Cuyahoga County. In April 1985, appellant pled guilty to and was convicted of burglary and theft in case number CR-184332 in Cuyahoga County. He was sentenced to a term of incarceration of eight to fifteen years on the burglary charge, eighteen months on the theft charge, and eight to twenty-five years on the aggravated robbery charge. The court ordered that the sentences run concurrently.
In March 1993, appellant was paroled. However, he was later arrested for felonious assault and declared a parole violator effective October 19, 1993. In April 1994, appellant was found not guilty of felonious assault and he was again paroled in November 1994.
In March 1996, appellant was convicted of assault with a prior conviction specification in case number 95CR047135 in Lorain County. He was sentenced to a term of incarceration of two to five years. Because this offense was committed while appellant was on parole, the sentence in case number 95CR047135 ran consecutively to the sentences imposed in case numbers CR-184332 and CR-194750.[2] Therefore, according to appellees, appellant's aggregate sentence is ten to thirty years and his release date is January 25, 2015.
Appellant filed a petition for a writ of habeas corpus claiming that he was unlawfully incarcerated, that documents had been falsified, and that a social security number had been added to his records. Appellees filed a motion to dismiss the petition, which the trial granted, and appellant timely appealed from this judgment. Although appellant assigns four errors, we consider them together and need only determine whether the court erred in dismissing appellant's petition.
Civ.R. 12(B)(6) is applicable to habeas corpus proceedings. See, e.g.,Gaskins v. Shiplevy (1995), 74 Ohio St.3d 149, 150; Neguse v. Collins
(Aug. 31, 1998), Scioto App. No. 97CA2553, unreported. An appellate court reviews a trial court's decision regarding a motion to dismiss de novo. See Shockey v. Fouty (1995), 106 Ohio App.3d 420, 424; see, also, Waltersv. Ghee (Apr. 1, 1998), Ross App. No. 96CA2254, unreported.
Civ.R. 12(B)(6) permits a party to file a motion to dismiss a complaint for failure to state a claim for relief. A court should not grant a motion to dismiss if there is some state of facts by which the nonmoving party might state a valid claim for relief. See, e.g., Taylor v. London
(2000), 88 Ohio St.3d 137, 139, citing O'Brien v. University CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. When reviewing a motion to dismiss, a court must accept the facts stated in the complaint as true and must construe all reasonable inferences in favor of the nonmoving party. Id., citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190.
A writ of habeas corpus is an extraordinary writ which will lie only when an individual is without an adequate remedy at law. See, e.g., Lealv. Mohr (1997), 80 Ohio St.3d 171, 172; State ex rel. Pirman v. Money
(1994), 69 Ohio St.3d 591, 593. R.C. 2725.01 establishes who is entitled to a writ of habeas corpus. The statute reads:
 Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.
 R.C. 2725.04 specifies the procedure for filing a petition for habeas corpus. The statute provides:
 Application for the writ of habeas corpus shall be by petition, signed and verified by the party for whose relief it is intended, or by some person for him, and shall specify:
 (A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 (B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 (C) The place where the prisoner is so imprisoned or restrained, if known;
 (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.
 A petitioner seeking habeas corpus relief must state particularly the extraordinary circumstances entitling him to such relief. State ex rel. Jackson v. McFaul
(1995), 73 Ohio St.3d 185, 187. Unsupported conclusions are not considered admitted and are insufficient to withstand a motion to dismiss. Id. Moreover, habeas corpus relief will issue only if the petitioner is entitled to immediate release from confinement. Id. at 188.
Upon our review of the record, we conclude that the trial court appropriately granted appellees' motion to dismiss. Appellant's failure to attach copies of all pertinent commitment papers renders the petition fatally defective. See, e.g., Bloss v. Rogers (1992), 65 Ohio St.3d 145;Walters, supra. In Bloss, the court explained:
 These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.
 65 Ohio St.3d at 146.
Appellant attached the judgment entry of conviction and sentence for the assault charge in Lorain County case number 95CR047136 to his petition. However, he failed to attach the commitment papers from his two Cuyahoga County convictions. Therefore, appellant's petition is fatally defective and the trial court properly granted appellees' motion to dismiss.
In addition, reversal of the trial court's judgment is unwarranted because appellant failed to verify his petition in accordance with R.C.2725.04. McBroom v. Russell (1996), 77 Ohio St.3d 47, 48; Messer v.McAninch (1997), 77 Ohio St.3d 1511.
Appellant also failed to comply with R.C. 2969.25, which reads:
 At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 A brief description of the nature of the civil action or appeal;
 The case name, case number, and the court in which the civil action or appeal was brought;
The name of each party to the civil action or appeal;
 The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
 Failure to include the list of prior civil actions with his petition was also grounds for dismissal of the petition. See State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421 (implying without holding that R.C. 2969.25 applies to habeas corpus
actions). There is no language in the statute that excepts habeas corpus petitions from its application. Therefore, we conclude that in the absence of a constitutional challenge, failure to comply with R.C. 2969.25 is fatal.
Accordingly, we overrule appellant's assignments of error and affirm the trial court's judgment.
 ________________________ William H. Harsha, Judge
Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.
[1] Generally, we rely solely on the record before us when considering an appeal. Here, we do not reach the merits of appellant's petition or rely on the facts cited by appellees in deciding this appeal. We include this factual summary only to provide a background for the reader.
[2] The version of R.C. 2929.41 applicable to offenses committed before July 1, 1996 provides, in subsection (A)(3), that the sentence for a new felony committed by a parolee shall be served consecutively to the sentence for which the defendant was on parole.