JOURNAL ENTRY AND OPINION
On April 30, 2001, the petitioner, Jeffrey Woods, commenced this habeas corpus action which he captioned State vs. Woods. Mr. Woods avers that on February 12, 2001, he was confined to the Cuyahoga County Jail and that he is awaiting trial on charges of burglary, theft and possession of drugs. He also states that the Parole Authority has placed a fugitive warrant hold on him. He attacks his confinement by asserting that the parole holder is invalid because of constitutional questions concerning post-release control and because the trial judge never imposed sanctions. He attaches to his unverified complaint copies of the entries of convictions and sentences in four different cases, at least two of which appear to have originated before the effective date of Senate Bill 2 which provides for post-release control sanctions. Sua sponte, for the following reasons, this court dismisses Mr. Woods' habeas corpus petition.
R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires its dismissal. Chari v. Vore (2001), 91 Ohio St.3d 323, 744 N.E.2d 763 and State ex rel. Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270, 695 N.E.2d 254. In Vore the Supreme Court of Ohio was adamant that unverified petitions for habeas corpus be dismissed; it reversed the granting of relief in a habeas petition because it was not verified. Similarly, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Mr. Woods also improperly captioned his petition. State v. Woods does not identify either the petitioner or the respondent. Moreover, he failed to include the addresses of the parties as required by Civ.R. 10(A). In State ex rel. Sherrills v. The State of Ohio (2001), 91 Ohio St.3d 133, the Supreme Court of Ohio listed these failures as proper reasons for dismissal of a habeas petition.
Accordingly, the court dismisses the writ. Costs assessed against the petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
JAMES J. SWEENEY, J.:
TIMOTHY E. McMONAGLE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.