ORIGINAL ACTION JOURNAL ENTRY AND OPINION
Petitioners, Nasir Muntaser (Case No. 81049) and Daoud Muntaser (Case No. 81050), are defendants in State v. Nasir Muntaser, Daoud Muntaser and Ali Alunajada, Cuyahoga County Court of Common Pleas Case No. CR-419720. Each is charged with multiple counts of aggravated arson and one count of murder. Nasir and Daoud are currently in the custody of the sheriff. The court of common pleas set bond in the amount of $1,000,000 each for Nasir and Daoud. Nasir and Daoud have filed their respective petitions for habeas corpus asserting that the bond amount is excessive. By separate entry, we have consolidated Case Nos. 81049 and 81050. For the reasons stated below, we dismiss these cases sua sponte.
Initially, we note that the petitions are insufficient to maintain an action in habeas corpus.
 R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires its dismissal. Chari v. Vore (2001), 91 Ohio St.3d 323, 744 N.E.2d 763 and State ex rel. Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270, 695 N.E.2d 254. In Vore the Supreme Court of Ohio was adamant that unverified petitions for habeas corpus be dismissed; it reversed the granting of relief in a habeas petition because it was not verified. Similarly, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
 * * *. Moreover, he failed to include the addresses of the parties as required by Civ.R. 10(A). In State ex rel. Sherrills v. The State of Ohio (2001), 91 Ohio St.3d 133, 742 N.E.2d 651, the Supreme Court of Ohio listed these failures as proper reasons for dismissal of a habeas petition.
State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, unreported, at 2-3.
Likewise, in this action, petitioners have not verified the petitions, supported them with affidavits specifying the details of the claim or set forth the addresses of respondent. As indicated in Woods, these grounds alone are sufficient for dismissal of this action. Additionally, petitioners have not attached copies of the commitment papers to the petition. See Sherrills, supra, citing R.C. 2725.04(D) and Sidle v. Ohio Adult Parole Auth. (2000), 89 Ohio St.3d 520, 733 N.E.2d 1115. Compliance with R.C. 2725.04(D) requires attachment of the journal entry causing petitioner's detention.
 See, e.g., State ex rel. Norman v. McFaul (Apr. 8, 1999), Cuyahoga App. No. 76231, unreported, at 7 (action in habeas corpus dismissed where petitioner attached only a copy of a computerized version of the text of a journal entry purporting to set bail without attaching a copy of the journal entry itself to a petition for habeas corpus asserting that pretrial bail in the amount of one million dollars ($1,000,000) was excessive; the defendant was charged with two counts of aggravated murder, aggravated robbery and could be sentenced to death).
In the Matter of: Birner v. McFaul (Nov. 21, 2001), Cuyahoga App. No. 80408, unreported, at 13-14.
Neither Nasir nor Daoud complied with the requirements of R.C. 2725.04, Loc.App.R. 45(B)(1)(a) and Civ.R. 10(A). In light of the authorities cited above, we are required to dismiss both petitions in habeas corpus. Accordingly, we dismiss Case Nos. 81049 and 81050 sua sponte. Petitioners to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.