ORIGINAL ACTION JOURNAL ENTRY AND OPINION
Petitioner, Willie Jackson, is the defendant in State v. Jackson,
Cuyahoga County Court of Common Pleas Case No. CR-171289. The indictment in Case No. CR-171289 was filed on February 2, 1982. Jackson avers that the indictment in Case No. CR-171289 was pending while he was incarcerated at Marion Correctional Institution. He also avers that he provided notice to the prosecuting attorney and the clerk of the court of common pleas that he was requesting final disposition of Case No. CR-171289. Jackson contends that the court of common pleas lacks the jurisdiction to hear Case No. CR-171289, because the state did not bring him to trial within one hundred eighty days after Jackson notified the prosecuting attorney and the court of common pleas. See R.C. 2941.401.
Jackson requests that this court order the indictment in Case No. CR-171289 be dismissed and order his release. For the reasons stated below, we dismiss this action.
Initially, we note that the petition is insufficient to maintain an action in habeas corpus.
 R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires its dismissal. Chari v. Vore (2001), 91 Ohio St.3d 323, 744 N.E.2d 763 and State ex rel. Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270, 695 N.E.2d 254. In Vore the Supreme Court of Ohio was adamant that unverified petitions for habeas corpus be dismissed; it reversed the granting of relief in a habeas petition because it was not verified. Similarly, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
 * * * Moreover, he failed to include the addresses of the parties as required by Civ.R. 10(A). In State ex rel. Sherrills v. The State of Ohio (2001), 91 Ohio St.3d 133, 742 N.E.2d 651, the Supreme Court of Ohio listed these failures as proper reasons for dismissal of a habeas petition.
State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, unreported, at 2-3.
Likewise, in this action, Jackson has not verified the petition, supported it with an affidavit specifying the details of the claim, or set forth the address of respondent. As indicated in Woods, these grounds alone are sufficient for dismissal of this action. Jackson has also failed to name the correct party respondent. Jackson has named the State rather than the Sheriff, who is his custodian. R.C. 2725.04(B). See, also, State ex rel. Sherrills v. State (2001), 91 Ohio St.3d 133,742 N.E.2d 651 (affirming the sua sponte dismissal of a petition for habeas corpus, inter alia, because the petitioner did not name the proper respondents).
We also note that Jackson "has failed to comply with R.C. 2969.25 [sic] which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." In Re: Woods (Apr. 26, 2001), Cuyahoga App. No. 79467, unreported, at 1-2, quoted in Clark v.State (May 17, 2001), Cuyahoga App. No. 79584, unreported (dismissing a petition in habeas corpus sua sponte for failing to: attach the cause of detention; support the petition with an affidavit complying with Loc.App.R. 45(B)(1)(a); and comply with R.C. 2969.25). Jackson's failure to comply with R.C. 2969.25 is a sufficient basis for dismissing the petition.
Accordingly, we grant respondent's motion to dismiss, with Jackson to pay costs. The clerk is directed to serve upon the parties notice of this judgment and of its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
ANNE L. KILBANE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.