JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner Robert Melton is the defendant in State v. Melton, Cuyahoga County Court of Common Pleas Case No. CR-424010. The record before this court indicates that Melton was indicted for three counts of violating R.C. 2903.13, assault, with police officer specifications; and one count in violation of R.C. 2921.31, obstructing official business.
{¶ 2} In his petition for habeas corpus, Melton claims that the defendant is entitled to his freedom for the reason that the city and county prosecutor's offices are now conspiring with the R.T.A. police agency to discredit and defraud the petitioner's impending claim of civil and punitive damages by instituting a flurry of criminal charges designed to demonize him and thereby exonerate the court and law enforcement officials from the perjury, falsification, evidence and record tampering that were employed in the adjudication of Case No. 367171. For the reasons below, we dismiss this matter sua sponte.
{¶ 3} We initially find that the petition is not sufficient to maintain an action in habeas corpus. R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires dismissal. State v. Vore (2001), 91 Ohio St.3d 323,744 N.E.2d 763; State ex rel. Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270, 695 N.E.2d 254.
Additionally, Melton failed to support his complaint with an affidavit specifying the details of the claim as required by Loc.R. 45(B)(1)(a). State v. Vore (2001), 91 Ohio St.3d 323, 744 N.E.2d 763; State ex rel. Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270,695 N.E.2d 254.
{¶ 4} We further find that Melton failed to comply with the mandatory requirements of R.C. 2725.04(D) which requires that a copy of the commitment or cause of detention be attached to the petition for a writ of habeas corpus. The petition for a writ of habeas corpus is thus fatally defective. Brown v. Rogers (1995), 72 Ohio St.3d 339,650 N.E.2d 422; Cornell v. Schotten (1994), 69 Ohio St.3d 466,633 N.E.2d 1111; Bloss v. Rogers (1992), 65 Ohio St.3d 145, 602 N.E.2d 602. Melton also incorrectly named the State of Ohio instead of the Sheriff who is the custodian. R.C. 2725.04(B). See also State ex rel. Sherrills v. State (2001), 91 Ohio St.3d 133, 742 N.E.2d 651, which affirmed the sua sponte dismissal of a petition for habeas corpus because the petitioner did not name the proper respondent.
{¶ 5} We also note that Melton failed to comply with R.C. 2969.25
which requires the attachment of an affidavit describing each civil action or appeal filed by the relator within the previous five years in any state or federal court. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242; In Re: Woods (Apr. 26, 2001), Cuyahoga App. No. 79467; Clark v. State (May 17, 2001), Cuyahoga App. No. 79584.
{¶ 6} Accordingly, in light of the authorities cited above, we dismiss Melton's habeas corpus petition sua sponte. Petitioner to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
COLLEEN CONWAY COONEY, J. AND DIANE KARPINSKI, J., CONCUR.