JOURNAL ENTRY and OPINION
{¶ 1} On April 22, 2003, John L. Turner, Jr., the petitioner, filed a petition for a writ of habeas corpus. Turner seeks an order from this court which requires his release from prison on the basis that the arraignment, in State V. Turner, Cuyahoga County Court of Common Pleas Case No. CR-399753, was defective. Judge Janet R. Burnside, the respondent, has filed a motion to dismiss, which we grant for the following reasons.
 {¶ 2} Initially, we find that Turner has failed to comply with the requirements of R.C. 2725.04 and Loc.App.R. 45(B)(1)(a), which provide that a petition for a writ of habeas corpus must be verified. The failure of Turner to verify the petition for a writ of habeas requires its dismissal. Chari v. Vore, 91 Ohio St.3d 32, 2001-Ohio-49, 744 N.E.2d 763;State ex rel. Crigger v. Ohio Adult Parole Authority, 82 Ohio St.3d 270,1998-Ohio-239, 695 N.E.2d 254; State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577. Also, the failure of Turner to support his petition for a writ of habeas corpus with an affidavit specifying the details of the claim, as required by Loc.App.R. 45(B)(1)(a), requires dismissal. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 3} Finally, Turner has failed to attach a copy of the commitment papers or cause of detention to his petition for a writ of habeas corpus, as mandated by R.C. 2725.04(D). The failure to attach a copy of the commitment papers or cause of detention to the petition for a writ of habeas corpus renders the petition fatally defective. Cornell v.Schotten (1994), 69 Ohio St.3d 466, 633 N.E.2d 37; Bloss v. Rogers
(1992), 65 Ohio St.3d 145, 602 N.E.2d 602.
 {¶ 4} Accordingly, we grant Judge Burnside's motion to dismiss Turner's petition for a writ of habeas corpus. Costs to Turner. The Clerk of the Eighth District Court of Appeals is directed to serve upon all parties notice of this judgment and date of entry upon the journal as mandated by Civ.R. 58(B).
Dismissed.
JAMES J. SWEENEY, P.J., AND TIMOTHY E. MCMONAGLE, J., CONCUR.