OPINION *Page 2 
{¶ 1} Petitioner, Kevin Hughley, has filed a Petition for Writ of Habeas Corpus alleging unlawful detention based upon several grounds, however, we find it unnecessary to address those claims because Appellant has failed to comply with the procedural requirements for a habeas petition.
 {¶ 2} A review of the Petition reveals Petitioner has failed to attach the necessary commitment papers in compliance with R.C. 2725.04(D) which provides,
 {¶ 3} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 4} There are two attachments contained in the Petition which are relevant to our review of the commitment papers: (1) a single sentencing entry from Cuyahoga County and (2) an affidavit stating Petitioner was unable to procure the necessary commitment papers.
 {¶ 5} The sentencing entry attached to the Petition is from Cuyahoga County Case Number CR-05-462014A, however, the entry references two other case numbers.
 {¶ 6} In a case similar to the case at bar, the Supreme Court held, "The nunc pro tune entry attached to [the] petition references sentences in nine different criminal cases which were not attached to the petition. Although [the] claim is primarily based on the nunc protune entry, the court of appeals did not err in holding that the other judgments referred to in that entry *175 were pertinent and that it was impossible to have a complete understanding of [the] claim without them.Bloss v. Rogers (1992), 65 Ohio St.3d 145, 146, 602 N.E.2d 602."Workman v. Shiplevy (1997), 80 Ohio St.3d 174. *Page 3 
 {¶ 7} The affidavit attached to the Petition states, "I, Petitioner, Kevin Hughley, states (sic) Record Office will not give Commitment papers/forms. This verification can't be procured without impairing the efficiency of the remedy. The fact the writ is against respondent it's impossible to procure." This self-serving affidavit does not contain sufficient specific facts to avoid dismissal. Goudlock v. Voorhies
(2008), 119 Ohio St.3d 398, 400-401. We also note Petitioner merely alleges difficulty in getting commitment papers from the prison record office. Petitioner makes no mention of any difficulty in obtaining the necessary papers from the Clerk's office.
 {¶ 8} The Supreme Court has held failure to comply with the requirement of attaching all pertinent commitment papers is a fatal defect which cannot be cured.
 {¶ 9} "[Commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application."Bloss v. Rogers, 65 Ohio St.3d 145, 602 N.E.2d 602. See also, Boyd v.Money, 82 Ohio St.3d 388, wherein the Supreme Court held, "Habeas corpus petitioner's failure to attach pertinent commitment papers to his petition rendered petition fatally defective, and petitioner's subsequent attachment of commitment papers to his post-judgment motion did not cure the defect." R.C. § 2725.04(D). *Page 4 
 {¶ 10} We likewise find the failure to include all pertinent entries has made a complete understanding of the Petition impossible.
 {¶ 11} For this reason, Petitioner's request for Writ of Habeas Corpus is dismissed.
Edwards, J., Gwin, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the petition for writ of habeas corpus is dismissed. Costs assessed to petitioner. *Page 1