[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 402.]

THE STATE EX REL. SHERRILLS, APPELLANT, *v.* CLERK OF COURTS OF
FRANKLIN COUNTY COURT OF COMMON PLEAS ET AL., APPELLEES.
[Cite as State ex rel. Sherrills v. Franklin Cty. Clerk of Courts,
2001-Ohio-211.]

*Mandamus sought to compel Clerk of Courts of Franklin County et al. to have
journal in certain cases changed and to reinstate one of relator's
appeals—Dismissal of complaint by court of appeals for failure to comply
with R.C. 2969.25(A) and (C) affirmed.*

(No. 01-40—Submitted  April 24, 2001—Decided July 25, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-820.

_____

*Per Curiam*.

{¶ 1} In July 2000, appellant, Daries Sherrills, an inmate, filed a complaint in the Court of Appeals of Franklin County for a writ of mandamus to compel appellees, the Clerk of Courts for the Franklin County Common Pleas Court and the Clerk for the Tenth District Court of Appeals, to have the journal in certain cases changed in order to reflect the truth and to reinstate one of his appeals. Sherrills filed an affidavit of indigency, but he did not comply with the R.C. 2969.25(C) *in forma pauperis* filing requirements for inmates commencing civil actions or appeals against government entities or employees.  Nor did he submit the requisite affidavit pursuant to R.C. 2969.25(A) delineating any previous civil actions and appeals.

{¶ 2} In August 2000, a magistrate appointed by the court of appeals recommended dismissal of the action because Sherrills had not complied with R.C. 2969.25(A) and (C).  Sherrills filed objections to the magistrate's decision in which he claimed that because he was adjudged indigent in a separate case in 1988,

application to him of the *in forma pauperis* requirements enacted in 1996 violated the *Ex Post Facto Clause* of the United States Constitution. In December 2000, the court of appeals overruled Sherrills's objections, adopted the decision of the magistrate, and dismissed the cause.

{¶ 3} In his appeal of right, Sherrills claims that the court of appeals erred in dismissing his mandamus action.

{¶ 4} Sherrills's claims are meritless. He failed to comply with the requirements of R.C. 2969.25 in commencing this action. See *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 422, 696 N.E.2d 594, 594-595; *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 286, 685 N.E.2d 1242, 1242-1243. Like the appellants in *Zanders* and *Alford*, Sherrills does not claim that R.C. 2969.25 is inapplicable to mandamus actions.

{¶ 5} In addition, as the court of appeals concluded, "[i]ndigency is not a permanent condition," so Sherrills's reliance on a 1988 finding of indigency in a separate case is misplaced.

{¶ 6} Moreover, application of R.C. 2969.25 to Sherrills's July 2000 action does not violate the *Ex Post Facto* Clause. The *Ex Post Facto* Clause applies only to criminal statutes and R.C. 2969.25 applies only to civil actions. See *State v. Cook* (1998), 83 Ohio St.3d 404, 415, 700 N.E.2d 570, 580; R.C. 2969.21(B). Federal courts have rejected comparable constitutional challenges to the federal Prison Litigation Reform Act ("PLRA"), Section 1915, Title 28, U.S.Code, which sets forth in forma pauperis requirements for prisoner litigation in federal courts. See, *e.g., Wilson v. Yaklich* (C.A.6, 1998), 148 F.3d 596, 606, in which the United States Court of Appeals for the Sixth Circuit held that the provisions of the PLRA do not "run afoul of the prohibition on *ex post facto* legislation" because the PLRA, by its very terms, applies only to the filing of civil actions and "while they may impact individuals incarcerated in the criminal justice system, [these provisions]

are procedural in nature and were not enacted to affect the punishments already meted out for crimes." *Id.*

{¶ 7} Based on the foregoing, we affirm the judgment of the court of appeals.[1]

{¶ 8} Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Daries Sherrills, pro se.*

————————————

_____

1. On January 24, 2001, we held that because Sherrills had abused his *in forma pauperis* status and had exhibited a continuous pattern of filing repetitious, frivolous appeals, the Clerk of this court would not accept for filing in this court any further appeals without Sherrills's prepaying the fee required by S.Ct.Prac.R. XV, except for direct or delayed appeals from criminal convictions and sentences. *In re Sherrills* (2001), 91 Ohio St.3d 1420, 741 N.E.2d 145. Sherrills filed this appeal before that order.