JOURNAL ENTRY AND OPINION
Termaine Young, the relator, filed a complaint for a writ of mandamus through which he seeks an order from this court which requires Judge Ann T. Mannen, the respondent, to issue a ruling with regard to a "petition seeking notice of plain error on cause to lack of subject matter jurisdiction" as filed in the underlying action of State v. Young,
Cuyahoga County Court of Common Pleas Case No. CR-410386. Before this court, Judge Mannen filed for summary judgment. We grant that motion.
Initially, we find that Young has failed to comply with the mandatory requirements of R.C. 2969.25(A), which provides that an inmate, when filing a civil action against a government entity or employee, must also file an affidavit that contains a description of each civil action or appeal of a civil action filed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court ofCommon Pleas (2002), 94 Ohio St.3d 210, 761 N.E.2d 624; State ex rel.Sherrills v. Franklin Cty. Clerk of Courts (2001), 92 Ohio St.3d 402,750 N.E.2d 594. In addition, Young has failed to support his complaint with an affidavit that specifies the details of his complaint as required by Loc.App.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported; State ex rel. Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Finally, attached to Judge Mannen's motion for summary judgment is a copy of a judgment entry, as journalized on March 14, 2002, which denied Young's "petition seeking notice of plain error." Accordingly, Young's complaint for a writ of mandamus is moot. State ex rel. Gantt v. Coleman
(1983), 6 Ohio St.3d 5, 450 N.E.2d 1163; State ex rel. Jerningham v.Cuyahoga County Court of Common Pleas (1996), 74 Ohio St.3d 278,658 N.E.2d 723.
Accordingly, we grant Judge Mannen's motion for summary judgment. Costs to Young. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve upon all parties, pursuant to Civ.R. 58(B), notice of this judgment and date of entry.
Writ denied.
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR.