JOURNAL ENTRY AND OPINION
{¶ 1} Robert M. Jones, Jr., the relator, has filed a petition for a writ of mandamus. Jones seeks an order from this court which requires Judge Daniel Gaul, the respondent, to issue a ruling with regard to a motion to dismiss for lack of speedy trial as filed in the underlying action of State v. Jones, Cuyahoga Cty. Court of Common Pleas Case No. 416252. Judge Gaul has filed a motion for summary judgment which we grant for the following reasons.
{¶ 2} Initially, we find that Jones' petition for a writ of mandamus is defective since it is improperly captioned. The complaint for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying. The failure of Jones to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of AllenCty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary,et al., (Jan. 11, 2001), Cuyahoga App. No. 78763.
{¶ 3} Jones has also failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court ofCommon Pleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State exrel. Sherrills v. Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402,2001-Ohio-211, 750 N.E.2d 94. It must also be noted that Jones has failed to comply with Loc.App.R. 45(B)(1)(a) which provides that a complaint for an extraordinary writ must be supported by an affidavit which specifies the details of the claim. State ex rel. McCool v. Adult Parole Authority
(Mar. 5, 1998), Cuyahoga App. No. 73487.
{¶ 4} Finally, Jones has failed to establish that he is entitled to a writ of mandamus. Attached to Judge Gaul's motion for summary judgment is a copy of a judgment entry, as journalized on May 16, 2002, which demonstrates that Jones entered a plea of guilty to the offenses of domestic violence (R.C. 2919.25), telecommunications harassment (R.C.2917.21), and menacing by stalking (R.C. 2903.211) in State v. Jones,
Cuyahoga Cty. Court of Common Pleas Case No. CR-416252. By entering a plea of guilty, Jones has waived any right to challenge the alleged denial of his right to a speedy trial. Montpelier v. Greeno (1986),25 Ohio St.3d 170, 495 N.E.2d 581; State v. Manley (Nov. 1, 2001), Cuyahoga App. No. 79183. Jones' request for a writ of mandamus is thus moot. State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163; State ex rel. Jerningham v. Cuyahoga County Court ofCommon Pleas, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723.
{¶ 5} Accordingly, we grant Judge Gaul's motion for summary judgment. Costs to relator. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve upon all parties, pursuant to Civ.R. 58(B), notice of this judgment and date of entry.
Writ denied.
KENNETH A. ROCCO, P.J. AND COLLEEN CONWAY COONEY, J., CONCUR.