JOURNAL ENTRY AND OPINION,
{¶ 1} Daniel Hrynczyn, the relator, has filed a petition for a writ of mandamus. Hrynczyn seeks an order from this court which requires Reginald Wilkinson, Margarette T. Ghee, Karen Sorrell, Pat Hurley, and Amanda Chaney, the respondents, to provide pre-conviction jail time credit in the amount of one hundred and fifty-one (151) days.[1] The respondents have filed a joint motion for summary judgment which we grant for the following reasons.
{¶ 2} Hrynczyn is presently incarcerated at the Ross Correctional Institution as a result of his convictions in Cuyahoga County Court of Common Pleas Case No. CR-235605 and Lorain County Court of Common Pleas Case No. 89-CR-36952. Hrynczyn argues that the respondents have failed to credit his current sentences of incarceration with the requested amount of one hundred and fifty-one (151) days.
{¶ 3} Initially, we find that Hrynczyn has failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit that contains a description of each civil action or appeal of a civil action that he has docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El. v. Cuyahoga Cty. Court of Common Pleas, 94 Ohio St.3d 210, 2002-Ohio-480, 761 N.E.2d 624; State ex rel. Sherrills v. Franklin Cty. Clerk of Courts,92 Ohio St.3d 402, 2001-Ohio-211, 750 N.E.2d 94. Herein, the failure of Hrynczyn to provide the required affidavit, which describes each civil action or appeal docketed in the previous five years, prevents this court from considering his petition for a writ of mandamus. State ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio 117, 685 N.E.2d 1242.
{¶ 4} In addition, the fundamental criteria for issuing a writ of mandamus are well-established:
 {¶ 5} In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. of Education (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200.
{¶ 6} State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41,42, 374 N.E.2d 641.
{¶ 7} Herein, the exhibits attached to the respondents' joint motion for summary judgment clearly demonstrate that Hrynczyn has been provided jail time credit in the amount of one thousand four hundred and eighty-seven (1487) days. The exhibits attached to the motion for summary judgment further specifically demonstrate that the one thousand four hundred and eighty-seven (1487) days of jail time credit includes the one hundred and fifty-one (151) days as currently requested by Hrynczyn. Thus, Hrynczyn has failed to demonstrate that he has a clear legal right to additional jail time credit or that the respondents possess any duty to credit Hrynczyn with additional jail time credit in the amount of one hundred and fifty-one (151) days. Cf. State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County (1990),56 Ohio St.3d 33, 564 N.E.2d 86: State ex rel. Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428.
{¶ 8} Finally, venue within this court is not appropriate since the respondents' principal offices are not located within Cuyahoga County. State ex rel. Ranzy v. Mitchell (Oct. 1, 1998), Cuyahoga App. No. 74873; State ex rel. McCool v. Callahan (Jan. 15, 1998), Cuyahoga App. No. 73560.
{¶ 9} Accordingly, the respondents' joint motion for summary judgment is granted. Hrynczyn to pay costs. It is further ordered that the Clerk of the Eighth District Court of Appeals, pursuant to Civ.R. 58(B), shall serve notice upon all parties notice of this judgment and date of entry.
Writ denied.
TIMOTHY E. McMONAGLE, A.J., and JAMES J. SWEENEY, J., CONCUR.
[1] Reginald Wilkinson is the Director of the Ohio Department of Rehabilitation and Correction while Margarette T. Ghee, Karen Sorrell, Pat Hurley, and Amanda Chaney are employed by the Ohio Department of Rehabilitation and Correction.