[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} On November 1, 2002, relator filed a petition for a writ of mandamus, in which he asks this court to order the Lucas County Court of Common Pleas, Probate Division, to supply him with copies of "all documents requested in the matter of AFFIDAVIT (Mental Illness) Case No. 218 filed on March 18, 1992, in the Court of Common Pleas, Probate Court, Fulton County, Ohio." On November 21, 2002, relator filed a separate, handwritten letter, in which it appears that relator is again asking this court for assistance in obtaining the information sought in his petition for mandamus.
{¶ 2} Relator has failed to attach to his petition an affidavit which contains a description of each civil action or appeal of a civil action filed by relator that has been docketed within the past five years in either state or federal court, as required by R.C. 2969.25. Where an inmate fails to comply with R.C. 2969.25, his or her complaint for writ of mandamus will be dismissed. State ex rel. Sherrils v. Franklin Cty. Clerk of Courts (2001), 92 Ohio St.3d 402, citing State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421.
{¶ 3} Relator's petition is further defective because it fails to identify a specific person at the court who may be served, and relator has not filed a praecipe, as required by 6th Dist.Loc.App.R. 6.
{¶ 4} For the foregoing reasons, relator's petition for mandamus is dismissed. Relator's separate, handwritten letter need not be considered by this court, since an application for the writ of mandamus may be commenced only by the proper filing of a petition. See R.C. 2731.04; Myles v. Wyatt (1991), 62 Ohio St.3d 191.
{¶ 5} Court costs of this action are assessed to relator.
 PETITION DISMISSED.
Sherck and Knepper, JJ., concur.