OPINION and JOURNAL ENTRY.
{¶ 1} This matter presents a pro-se Petition for Writ of Habeas Corpus filed by Petitioner, Ricky Vecchio, on June 4, 2003. On November 16, 1995, Petitioner appeared with counsel and entered into a plea agreement whereby he pled no contest to a second offense of driving under the influence and failure to comply with the order of a police officer. The trial court sentenced Petitioner to concurrent 180-day jail sentences, 150 days of which it suspended, and two years of probation. Petitioner's terms of probation included substance abuse evaluation, attendance at substance abuse counseling if recommended, and payment of fines totaling $1,100 and costs within six months.
 {¶ 2} In May 1996, Respondent, Columbiana County Sheriff David Smith, filed a motion to terminate Petitioner's probation for failure to comply with the substance abuse evaluation and failure to pay fines and costs. Respondent was unable to locate Petitioner at his last known address, resulting in a warrant being issued for his arrest. On April 15, 2002, Petitioner was served with the arrest warrant and appeared in court. The court found probable cause to believe Petitioner had violated the terms of his probation and scheduled a probation revocation hearing.
 {¶ 3} Petitioner appeared with counsel at the May 23, 2002 probation revocation hearing. The court found Petitioner had violated the terms of his probation and terminated probation. The court reimposed Petitioner's jail sentence commencing August 31, 2002. It ordered that Petitioner was to serve any outstanding fines at the rate of $30 per day. The court also stated that if Petitioner paid the fines and costs in full before August 31, 2002, it would suspend his jail sentence. In exchange for subtracting $500 from his fine, the court gave Petitioner the option of performing 100 hours of community service.
 {¶ 4} When August 31, 2002 came about, Petitioner had not completed any hours of community service, had not paid any money towards his outstanding fines and costs, and did not report to jail. Accordingly, the court issued a warrant for his arrest. Petitioner was arrested on March 26, 2003 and was taken to jail to begin serving his sentence. Petitioner filed a motion to vacate his sentence, which the trial court denied on June 3, 2003. The court did, however, re-calculate Petitioner's unpaid fine balance at a rate of $50 per day.
 {¶ 5} Petitioner alleges he was not represented by counsel during sentencing. But we must first examine his petition on its face. R.C.2969.25(A) provides that when an inmate commences a civil action or appeal against a government entity, he or she shall file an affidavit with the court that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit must include the specific information set out in the statute for each action or appeal. R.C.2969.25(A). Petitioner has failed to comply with R.C. 2969.25(A). He has not attached an appropriate affidavit to his petition. "Failure to file the required affidavit is cause for dismissal." Floyd v. Noble Cty.Common Pleas Court, 7th Dist. No. 253, 2002-Ohio-3760, ¶ 9, citingState ex rel. Sherrills v. Franklin Cty. Clerk of Courts (2001),92 Ohio St.3d 402.
 {¶ 6} Additionally, Petitioner has failed to comply with R.C.2725.04(D), which provides that a "copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." Petitioner has not filed commitment papers, as R.C. 2725.04(D) requires. "The commitment papers are necessary for a complete understanding of the petition and without these papers, the petition is fatally defective."Taylor v. Ohio Adult Parole Authority (June 21, 2000), 7th Dist. No. 251.
 {¶ 7} Finally, appellant failed to file a direct appeal from the trial court's judgment denying his motion to vacate his sentence. "It is well known that the availability of the legal remedy of appeal precludes the use of an extraordinary action to obtain the requested relief."Floyd, 2002-Ohio-3760, ¶ 10, citing State ex rel. Hunter v. CuyahogaCty. Court of Common Pleas (2000), 88 Ohio St.3d 176.
 {¶ 8} For the reasons stated above, the petition for writ of habeas corpus is hereby dismissed. Costs taxed against Petitioner.
 {¶ 9} Final order. Clerk to serve notice on counsel or unrepresented party pursuant to the civil rules.
Donofrio, J., Waite, P.J., and DeGenaro, J., concur.