ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} David King has filed a complaint for a writ of mandamus. King seeks an order from this court which requires Judge Christopher Boyko to render a ruling with regard to a "motion to vacate void judgment" that was filed in the underlying action of State v. King, Cuyahoga County Court of Common Pleas Case No. CR-395587. Judge Boyko has filed a motion for summary judgment which we grant for the following reasons.
 {¶ 2} King has failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five years in either state or federal court. State ex rel.Akbar-El v. Cuyahoga Cty. Court of Common Pleas,94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State ex rel. Sherrills v.Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402, 2001-Ohio-211,750 N.E.2d 94. It must also be noted that King has failed to comply with Loc.App.R. 45(B)(1)(a) which provides that a complaint for an extraordinary writ must be supported by an affidavit which specifies the details of the claim. State exrel. McCool v. Adult Parole Authority (Mar. 5, 1998), Cuyahoga App. No. 73487.
 {¶ 3} Finally, King's request for a writ of mandamus is moot. Judge Boyko denied the "motion to vacate void judgment" on June 28, 2004. See copy of judgment entry, as journalized on June 28, 2004, that is attached to Judge Boyko's motion for summary judgment. State ex rel. Jerningham v. Cuyahoga County Court ofCommon Pleas, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723;State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163.
 {¶ 4} Accordingly, we grant Judge Boyko's motion for summary judgment. Cost to King. Clerk of the Eighth District Court of Appeals to serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Writ denied.
Dyke, P.J., concurs.
 Gallagher, J., concurs.