ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Eldridge Paige has filed a complaint for a writ of mandamus. Paige seeks monetary damages as a result of the alleged negligent conduct of Parole Officer Tidmore, an employee of the Ohio Adult Parole Authority ("OAPA"). OAPA has filed a motion to dismiss which we grant for the following reasons.
 {¶ 2} Initially, we find that Paige's petition for a writ of mandamus is defective since it is improperly captioned. The complaint for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying. The failure of Paige to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary, et al., (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} Paige has also failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas,94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State ex rel. Sherrillsv. Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402, 2001-Ohio-211,750 N.E.2d 94. It must also be noted that Paige has failed to comply with Loc.App.R. 45(B)(1)(a) which provides that a complaint for an extraordinary writ must be supported by an affidavit which specifies the details of the claim. State ex rel. McCool v. Adult Parole Authority
(Mar. 5, 1998), Cuyahoga App. No. 73487.
 {¶ 4} Finally, Paige has failed to state a claim upon which relief can be granted. In order for this court to issue a writ of mandamus, Paige must establish that: (1) he possesses a clear legal right to the relief prayed; (2) OAPA possesses a clear legal duty to perform the acts requested; and (3) there exists no plain and adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 3734 N.E.2d 641; State ex rel. National City Bank v.Bd. of Education (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200. Paige has failed to establish that he possesses any right or that OAPA owes any duty as a result of the alleged negligent conduct of Parole Officer Tidmore. In addition, an action for monetary damages, as brought against the State of Ohio or its employees, must originally be brought in the Court of Claims. R.C. 2743.01; R.C. 2743.02; Conley v. Shearer,64 Ohio St.3d 284, 1992-Ohio-133, 595 N.E.2d 862; State ex rel. Sanquilyv. Lucas Cty. Court of Common Pleas (1991), 60 Ohio St.3d 78,573 N.E.2d 606.
 {¶ 5} Accordingly, we grant the motion to dismiss. Costs to Paige. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties.
Dismissed.
Blackmon, A.J., concurs Rocco, J., concurs.