ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Kevin Daniels has filed a petition for a writ of mandamus. Daniels seeks an order from this court which requires Judge Timothy J. McGinty to issue a ruling with regard to a "motion for jail time credit" which was filed in the underlying actions of State v. Daniels, Cuyahoga County Court of Common Pleas Case Nos. CR-450741 and CR-455231. Judge McGinty has filed a motion for summary judgment which we grant for the following reasons.
 {¶ 2} Initially, we find that Daniels' petition for a writ of mandamus is defective since it is improperly captioned. The complaint for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying. The failure of Daniels to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary, et al., (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} Daniels has also failed to comply with the mandatory requirements of R.C. 2969.25(A). When filing a civil action against a government entity or employee, an inmate must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court ofCommon Pleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State exrel. Sherrills v. Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402,2001-Ohio-211, 750 N.E.2d 94. It must also be noted that Daniels has failed to comply with Loc.App.R. 45(B)(1)(a), which provides that a complaint for an extraordinary writ must be supported by an affidavit which specifies the details of the claim. State ex rel. McCool v. AdultParole Authority (Mar. 5, 1998), Cuyahoga App. No. 73487.
 {¶ 4} Finally, this court provided Daniels with an opportunity to correct the aforesaid procedural defects. On July 19, 2005, the following order was issued and served upon Daniels:
SUA SPONTE, THE RELATOR IS GRANTED LEAVE TO AMEND HIS COMPLAINT FOR A WRIT OF MANDAMUS WITHIN THIRTY DAYS OF THE DATE OF THIS ENTRY. THE RELATOR SHALL AMEND HIS COMPLAINT WITH REGARD TO THE FOLLOWING: (1) CAPTION OF THE COMPLAINT; (2) ADDRESS OF EACH PARTY CONTAINED IN THE COMPLAINT; (3) SWORN AFFIDAVIT, AS REQUIRED BY LOC.APP.R. 45(B)(1)(A), WHICH SPECIFIES THE DETAILS OF HIS CLAIM; AND (4) SWORN AFFIDAVIT, AS REQUIRED BY R.C. 2969.25, DESCRIBING EACH CIVIL ACTION OR APPEAL FILED BY THE RELATOR WITHIN THE PREVIOUS FIVE YEARS IN ANY FEDERAL OR STATE COURT. IN ADDITION, THE RESPONDENT IS DIRECTED TO EXAMINE THE DECISION AS RENDERED IN STATE EX REL. CORDER V. WILSON (1991), 68 OHIO APP.3D 567, 589 N.E.2D. 113, WHICH PROVIDES THAT THE SENTENCING COURT POSSESSES A DUTY TO DETERMINE THE AMOUNT OF TIME SERVED BY A DEFENDANT PRIOR TO SENTENCING AND TO SPECIFY SAID NUMBER OF DAYS WITHIN THE JOURNAL ENTRY OF CONVICTION AND SENTENCE. SEE, ALSO, CRIM. R. 32.2(D) AND R.C. 2967.191.
 {¶ 5} As of the date of this entry, Daniels has failed to correct any of the procedural defects contained in his complaint for a writ of mandamus.
 {¶ 6} Accordingly, we grant Judge McGinty's motion for summary judgment. Daniels to pay costs. It is further ordered that the Clerk of the Eighth District Court of Appeals, pursuant to Civ.R. 58(B), serve notice of this judgment upon all parties.
Writ denied.
Sweeney, P.J., Concurs.
 Cooney, J., concurs.