ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Guy J. Jarrett, is the defendant in State v.Jarrett, Cuyahoga County Court of Common Pleas Case No. CR-465241. Jarrett avers that, on August 30, 2005, "an order was made granting the defendant access to the grand jury minutes" in Case No. CR-465241. A review of the docket in Case No. CR-465241, however, reflects that, on September 1, 2005, relator filed a motion for an order to inspect grand jury minutes. In an August 30, 2005 journal entry, respondent court ordered the state to respond to the motion for an order to inspect grand jury minutes prior to the new trial date of September 7, 2005. Relator observes that there has been no order from respondent "enforcing their order," Complaint ¶ 4(A), and requests that this court issue a writ of mandamus compelling respondent "to move, enforce their previous order," Complaint ¶ 5 — that is, to provide the grand jury minutes to relator.
 {¶ 2} Respondent has filed a motion to dismiss attached to which is a copy of the docket in Case No. CR-465241. Jarrett has not opposed the motion. Respondent correctly observes that Jarrett entered a guilty plea and was sentenced in an entry received for filing on December 9, 2005. "[I]t is well-settled that when a motion is not ruled on, it is deemed to be denied."State v. Whitaker, Cuyahoga App. No. 83824, 2004-Ohio-5016, ¶32 (citations deleted).
 {¶ 3} Relator has not indicated that respondent court issued a journal entry authorizing him to inspect the grand jury minutes. In light of Whitaker, Jarrett's motion for an order to inspect grand jury minutes is deemed denied. Respondent argues that this action in mandamus is, therefore, moot. We agree.
 {¶ 4} The complaint also manifests various defects.
"* * * Additionally, relator `did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.' State exrel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000),88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs.Id. at 420."
State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C.2969.25(A), we deny his claim of indigency and order him to pay costs. We also note that the fact that the purported affidavit of indigency is not notarized, which also requires that we deny his claim of indigency. State, ex rel McGrath v. McDonnell,
Cuyahoga App. No. 87368, 2006-Ohio-535, at ¶ 3.
 {¶ 5} Additionally, "[t]he failure to comply with R.C.2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State exrel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v.Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.
 {¶ 6} Jarrett "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10 (A). This may also be grounds for dismissing the action.State ex rel. Sherrills v. State (2001), 91 Ohio St. 3d 133,742 N.E.2d 651." State ex rel. Hall v. Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 {¶ 7} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the
 {¶ 8} journal. Civ.R. 58(B).
Complaint dismissed.
Karpinski, J., Concurs.
 Kilbane, J., Concurs.