{¶ 1} On March 29, 2007, the petitioner, Jason Russell, Sr. commenced this habeas corpus action to compel that either his initial $25,000 bond be reinstated or this court set reasonable bond in the underlying case,State v. Jason Russell, Sr., Cuyahoga County Common Pleas Court Case No. CR-478495, because the trial court had improperly denied bond pursuant to R.C. 2937.222. For the following reasons, this court dismisses the application for a writ of habeas corpus, sua sponte.
 {¶ 2} In the underlying case the Grand Jury, in March 2006, indicted Russell for rape, kidnapping, felonious assault, and domestic violence. The trial court set bond at $25,000. In early February 2007, a different individual brought two more charges of domestic violence against Russell in Cleveland Municipal Court. Russell alleges that on February 12, 2007, at a pre-trial in the underlying case the trial court revoked bond based on allegations that Russell had made a threatening telephone call to the victim in the Cleveland Municipal Court cases. After a bond hearing on February 27, 2007, the trial court denied Russell's motion for bond. Russell, through his attorney, then commenced this habeas action alleging that he is being held illegally pursuant to R.C. 2937.222.
 {¶ 3} Russell's habeas petition is fatally defective. First, it is not verified, as required by R.C. 2725.04. In Chari v. Vore,91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763, the Supreme Court of Ohio held that the court of appeals erred in allowing the writ and ordering a return because Chari's petition did not satisfy the *Page 4 
mandatory requirement of the habeas corpus statute that the petition be verified. State v. Addison, Cuyahoga App. No. 89273, 2007-Ohio-154. Additionally, Russell improperly captioned the petition. See R.C.2725.04(B). In State ex rel. Sherrills v. State, 91 Ohio St.3d 133,2001-Ohio-299, 742 N.E.2d 651, the Supreme Court of Ohio affirmed the sua sponte dismissal of a habeas corpus petition because, inter alia, the petitioner did not name the proper respondent or include the parties' addresses. See, also, State v. Addison, supra. Additionally, the petitioner failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. Although Russell did attach an April 2006 affidavit from the complaining witness in the underlying case, this affidavit does not and could not address the details of the habeas corpus claim.
 {¶ 4} Finally, habeas relief is precluded because appeal is an adequate remedy at law. State ex rel. Tucker v. Rogers,66 Ohio St.3d 36, 1993-Ohio-63, 607 N.E.2d 461 — "a writ of habeas corpus will ordinarily be denied where there is an adequate remedy in the ordinary course of the law." R.C. 2937.222(D) explicitly provides that "[a]n order of the court of common pleas denying bail pursuant to this section is a final, appealable order" and that the court of appeals shall give such appeal priority on its calendar and decide the matter expeditiously. Therefore, *Page 5 
appeal, not habeas corpus, is the proper remedy for addressing the denial of bail under R.C. 2937.222.
 {¶ 5} Accordingly, this court dismisses this application for a writ of habeas corpus. Russell to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR *Page 1