{¶ 1} Willie Hopkins has filed a petition for a writ of habeas corpus. Hopkins argues that he has been denied the right to speedy trial, which requires his immediate release from incarceration by the Cuyahoga County Sheriff and the dismissal of all criminal offenses as charged inState v. Hopkins, Cuyahoga County Court of Common Pleas Case No. CR-486322. For the following reasons, we sua sponte dismiss the petition for a writ of habeas corpus.
 {¶ 2} Initially, we find that Hopkins has improperly captioned his petition for a writ of habeas corpus. The caption of "Willie Hopkins v. State of Ohio" does not identify the respondent and Hopkins has also failed to include the address of the respondent as required by Civ.R. 10(A). The Supreme Court of Ohio has established that an improper caption constitutes a basis for dismissal of a petition for a writ of habeas corpus. State ex rel Sherrills v. The State of Ohio (2001),91 Ohio St.3d 133, 742 N.E.2d 651. *Page 3 
 {¶ 3} In addition, Hopkins has failed to comply with the mandatary requirements of R.C. 2725.04.
 R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires its dismissal. Chari v. Vore (2001), 91 Ohio St.3d 323,744 N.E.2d 763 and State ex rel. Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270, 695 N.E.2d 254. In Vore, the Supreme Court of Ohio was adamant that unverified petitions for habeas corpus be dismissed; it reversed the granting of relief in a habeas petition because it was not verified. Similarly, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Alabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported."(Emphasis added.) State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2.
 {¶ 4} Herein, Hopkins has not verified the petition for a writ of habeas corpus, which requires dismissal of his petition for a writ of habeas corpus. Chari v. Vore, supra. Hopkins has also failed to comply with Loc. App.R. 45(B)(1)(a) which mandates that the petition be supported by a sworn affidavit that specifies the details of the claim. Employment of a statement that "I am the petitioner in the afore name[d] action and thus hereby is knowledgeable about all the proceedings" does not comply with the requirement that the affidavit specify the details of the claim. Turner v. Russo, Cuyahoga App. No. 87852, 2006-Ohio-4490;Jarrett v. Cuyahoga Cty. Common Pleas Court, Cuyahoga App. No. 87232,2006-Ohio-2220.
 {¶ 5} It must also be noted that Hopkins has failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit which contains a *Page 4 
description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court of CommonPleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State ex rel.Sherrills v. Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402,2001-Ohio-211, 750 N.E.2d 94.
 {¶ 6} Finally, habeas corpus may not be employed to challenge a lack of speedy trial. Prather v. Brigano, 86 Ohio St.3d 609, 1999-Ohio-212,716 N.E.2d 197; State ex rel. Brantley v. Ghee, 80 Ohio St.3d 287,1997-Ohio-116, 685 N.E.2d 1243; In re Singer (1976), 45 Ohio St.3d 130,341 N.E.2d 849. An appeal, rather than the extraordinary writ of habeas corpus, is the appropriate remedy when challenging a claimed violation of the right to a speedy trial. State ex rel. Dotson v. Rogers,66 Ohio St.3d 25, 1993-Ohio-58, 607 N.E.2d 453; Russell v. Tate (1992),64 Ohio St.3d 444, 596 N.E.2d 1039.
 {¶ 7} Accordingly, we sua sponte dismiss Hopkins' petition for a writ of habeas corpus. Costs to Hopkins. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Petition dismissed.
 MELODY J. STEWART, JUDGE MARY EILEEN KILBANE, P.J., and *Page 5 
 CHRISTINE T. McMONAGLE, J., CONCUR *Page 1