JOURNAL ENTRY AND OPINION
{¶ 1} Jeffrey J. Coe, the petitioner, has filed a petition for a writ of habeas corpus. Coe argues that the trial court, in State v. Coe, Cuyahoga County Court of Common Pleas Case No. CR-484995, improperly revoked his $2,500 bond, and he requests that this court either reinstate the original bond or set a new reasonable bond. Gerald T. McFaul, Cuyahoga County Sheriff, the respondent, has filed a motion for summary judgment, which we grant for the following reasons.
 {¶ 2} Initially, we find that Coe has failed to comply with the mandatary requirements of R.C. 2725.04.
 "R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires its dismissal. Chari v. Vore (2001), 91 Ohio St.3d 323,744 N.E.2d 763 and State ex rel. Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270, 695 N.E.2d 254. In Vore the Supreme Court of Ohio was adamant that unverified petitions for habeas corpus be dismissed; it reversed the granting of relief in a habeas petition because it was not verified. Similarly, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Alabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported." (Emphasis added.) *Page 4 
State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2.
 {¶ 3} Herein, Coe has not verified the petition for a writ of habeas corpus, since it is simply signed and not notarized or verified in any other way. Coe's failure to verify the petition requires dismissal of his petition for a writ of habeas corpus. Chari v. Vore, supra,Sidle v. Ohio Adult Parole Auth., 89 Ohio St.3d 520, 2000-Ohio-237,733 N.E.2d 1115; Wayne v. Bobby, Belmont App. No. 02-BE-72, 2003-Ohio-3882. Coe has also failed to comply with Loc. App. R. 45(B)(1)(a), which mandates that the petition be supported by a sworn affidavit that specifies the details of the claim. Turner v. Russo, Cuyahoga App. No. 87852, 2006-Ohio-4490; Jarrett v. Cuyahoga Cty. Common Pleas Court, Cuyahoga App. No. 87232, 2006-Ohio-2220.
 {¶ 4} It must also be noted that Coe has failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a governmental entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty.Court of Common Pleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624;State ex rel. Sherrills v. Franklin Cty. Clerk of Courts,92 Ohio St.3d 402, 2001-Ohio-211, 750 N.E.2d 94. *Page 5 
 {¶ 5} Finally, a writ of habeas corpus is not appropriate under the facts cited by Coe because there exists an adequate remedy at law through an appeal of the trial court's judgment, which revoked the original bond set in the amount of $2,500.
 "Finally, habeas relief is precluded because appeal is an adequate remedy at law. State ex rel. Tucker v. Rogers, 66 Ohio St.3d 36, 1993-Ohio-63, 607 N.E.2d 461 — `a writ of habeas corpus will ordinarily be denied where there is an adequate remedy in the ordinary course of the law.' R.C. 2937.222(D) explicitly provides that `[a]n order of the court of common pleas denying bail pursuant to this section is a final, appealable order' and that the court of appeals shall give such appeal priority on its calendar and decide the matter expeditiously. Therefore, appeal, not habeas corpus, is the proper remedy for addressing the denial of bail under R.C. 2937.222."
State v. Russell, Cuyahoga App. No. 89639, 2007-Ohio-1589, at 4.
 {¶ 6} Accordingly, we grant McFaul's motion for summary judgment and decline to issue a writ of habeas corpus on behalf of Coe. Costs to Coe. The Clerk of the Eighth District Court of Appeals is ordered to serve a copy of this judgment upon all parties as required by Civ. R. 58(B).
Petition denied.
SEAN C. GALLAGHER, JUDGE
COLLEEN CONWAY COONEY, P. J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1