JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Joseph McGrath has filed a petition for a writ of habeas corpus. McGrath requests that this court issue a writ of habeas corpus, which requires the setting of a "personal and/or reasonable bond" in the underlying criminal actions of State v. McGrath, Cuyahoga County Court of Common Pleas Case Nos. CR-493644 and CR-494433. Gerald T. McFaul, Cuyahoga County Sheriff, has filed a motion to dismiss, which we grant for the following reasons.
 {¶ 2} McGrath, in State v. McGrath, Cuyahoga County Court of Common Pleas Case No. CR-493644, was indicted for one count of menacing by stalking (R.C. 2903.211). In State v. McGrath, Cuyahoga County Court of Common Pleas Case No. CR-494433, McGrath was indicted for one count of burglary (R.C. 2911.11), one count of vandalism (R.C. 2909.05), and one count of domestic violence (R.C. 2919.25). On May 1, 2007, McGrath was declared incompetent to stand trial in both CR-493644 and CR-494433, and was further ordered placed in the care of the Northcoast Behavioral Healthcare Systems for treatment and competency restoration pursuant to R.C. 2945.371.[1] On June 21, 2007, McGrath *Page 4 
filed his petition for a writ of habeas corpus. On August 13, 2007, McFaul filed his motion to dismiss.
 {¶ 3} Initially, we find that McGrath has failed to comply with the mandatory requirements of R.C. 2725.04, which requires verification of the petition for a writ of habeas corpus.
 {¶ 4} "R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires its dismissal.Chari v. Vore (2001), 91 Ohio St.3d 323,744 N.E.2d 763 and State ex rel.Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270,695 N.E.2d 254. In Vore the Supreme Court of Ohio was adamant that unverified petitions for habeas corpus be dismissed; it reversed the granting of relief in a habeas petition because it was not verified. Similarly, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. *Page 5 
18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported." (Emphasis added.) State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2.
 {¶ 5} Herein, McGrath has not properly verified the petition for a writ of habeas corpus, since it is simply signed and not notarized or verified in any other way. McGrath's failure to verify the petition requires dismissal of his petition for a writ of habeas corpus.Chari v. Vore, supra, Sidle v. Ohio Adult Parole Auth.,89 Ohio St.3d 520, 2000-Ohio-237, 733 N.E.2d 1115; Wayne v. Bobby, Belmont App. No. 02-BE-72, 2003-Ohio-3882. McGrath has also failed to comply with Loc. App.R. 45(B)(1)(a), which mandates that the petition be supported by a sworn affidavit that specifies the details of the claim. Turner v.Russo, Cuyahoga App. No. 87852, 2006-Ohio-4490; Jarrett v. Cuyahoga Cty.Common Pleas Court, Cuyahoga App. No. 87232, 2006-Ohio-2220.
 {¶ 6} It must also be noted that McGrath has failed to comply with the mandatory requirements of R.C. 2969.25(A). When filing a civil action against a governmental entity or employee, an inmate must also file an affidavit which contains a description of each civil action or appeal of a civil action which has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty.Court of Common Pleas, 94 Ohio St.3d 210, 2002-Ohio-475, *Page 6 761 N.E.2d 624; State ex rel. Sherrills v. Franklin Cty. Clerk ofCourts, 92 Ohio St.3d 402, 2001-Ohio-211, 750 N.E.2d 594.
 {¶ 7} Finally, a writ of habeas corpus is not appropriate under the facts presented by McGrath. R.C. 5122.30 specifically provides that "no person may bring a petition for a writ of habeas corpus that alleges that a person involuntarily detained pursuant to this chapter no longer is a mentally ill person subject to hospitalization by court order unless the person shows that the release procedures of division (H) of section 5122.15 of the Revised Code are inadequate or unavailable." Herein, McGrath has failed to argue and/or demonstrate that the release procedures of R.C. 5122.15 were inadequate or unavailable. In addition, McGrath possesses an adequate remedy at law, vis-a-vis a direct appeal, since the order of commitment for treatment is a final appealable order.Roden v. Hubbard (1981), 65 Ohio St.2d 37, 417 N.E.2d 1255. The existence of a final appealable order prevents this court from issuing a writ of habeas corpus. Coe v. McFaul, Cuyahoga App. No. 89749,2007-Ohio-2104; State v. Russell, Cuyahoga App. No. 89639,2007-Ohio-1589.
 {¶ 8} Accordingly, we grant McFaul's motion to dismiss. Costs to McGrath. The Clerk of the Eighth District Court of Appeals is ordered to serve a copy of this judgment upon all parties as required by Civ.R. 58(B).
 Petition dismissed. *Page 7 
COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] The order of Judge Villanueva, as journalized on May 1, 2007, in CR-493644 and CR-494433, provided that: "Defendant in court. Counsel Ruth R Fischbein-Cohen present. Prosecutor(s) Robert Botnick present. On a former day, the defendant was referred for a competency evaluation. The court has received a competency evaluation from the Court Psychiatric Clinic dated 4/16/07. Both the state and defense stipulate to this report and waive cross-examination of the doctor. Based on the opinion of Dr. Susan Hatters-Frieman, M.D. Psychiatrist, the court finds that the defendant is incompetent to stand trail [sic]. Pursuant to ORC Section 2945.371 (B), the court orders defendant to Northcoast Behavioral Healthcare Systems-Cleveland Campus-Court Evaluation Unit for treatment and competency restoration as the least restrictive treatment alternative consistent with the treatment needs of the defendant and the safety of the community. The defendant is ordered to comply with all recommended treatment and prescribed medications including the use of long-acting, injectible and psychotic medications. Defendant will be remanded to Cuyahoga County Jail until a bed is available. Sheriff ordered to transport defendant to NBHS-CC upon notification by CCCMHB forensic liaison that a bed is available. In the event that defendant requires non-emergency medical care, the defendant is hereby granted level 4 movement allowing staff of NBHS-CC to escort the defendant to, during, and from the appropriate medical care facility for medical treatment. The defendant shall be transported back to Cuyahoga County Jail as soon as the forensic examiner opines that the defendant is capable of adequate court participation or is determined to be unrestorable. A cover letter accompanying the report is to describe outpatient treatment recommendations, the arrangements that have been made for treatment, as well as the name of a contact person at the outpatient facility that will provide the services to the defendant." *Page 1