JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Ray A. Perry has filed a petition for a writ of habeas corpus. Perry argues that he was improperly convicted of the offense of escape (R.C. 2921.34), in the underlying action of State v. Perry, Cuyahoga County Court of Common Pleas Case No. CR-464744. William D. Mason, the Cuyahoga County Prosecutor, has filed a motion to dismiss, which we grant for the following reasons.
 {¶ 2} Initially, we find that the petition for a writ of habeas corpus contains multiple procedural errors. Perry has improperly captioned his petition for a writ of habeas corpus. The caption of "Ray A. Perry v. State of Ohio" does not identify the respondent and Perry has also failed to include the address of the respondent as required by Civ.R. 10(A). The Supreme Court of Ohio has established that an improper caption constitutes a basis for the dismissal of a petition for a writ of habeas corpus. State ex rel. Sherrills v. State, 91 Ohio St.3d 133,2001-Ohio-299, 742 N.E.2d 651; State ex rel. Keener v. Amberley,80 Ohio St.3d 292, 1997-Ohio-120, 685 N.E.2d 1247.
 {¶ 3} In addition, Perry has failed to comply with the mandatory requirements of R.C. 2725.04.
 {¶ 4} "R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires its dismissal.Chari v. Vore (2001), 91 Ohio St.3d 323, 744 N.E.2d 763 and State exrel. Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270,695 N.E.2d 254. In Vore the Supreme Court of Ohio was adamant thatunverified petitions for habeas corpus be dismissed; it reversed thegranting of relief in a habeas petition because it was notverified. *Page 4 
Similarly, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported." (Emphasis added.)State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2.
 {¶ 5} Herein, Perry has not properly verified the petition for a writ of habeas corpus. Perry's failure to verify the petition requires dismissal. Chari v. Vore, supra, Sidle v. Ohio Adult Parole Auth.,89 Ohio St.3d 520, 2000-Ohio-237, 733 N.E.2d 1115; Wayne v. Bobby, Belmont App. No. 02-BE-72, 2003-Ohio-3882. Perry has also failed to comply with Loc.App.R. 45(B)(1)(a), which requires that the petition be supported by a sworn affidavit that specifies the details of his claim. Turner v.Russo, Cuyahoga App. No. 87852, 2006-Ohio-4490; Jarrett v. Cuyahoga Cty.Common Pleas Court, Cuyahoga App. No. 87232, 2006-Ohio-2220.
 {¶ 6} It must also be noted that Perry has failed to comply with R.C.2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court of CommonPleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State ex rel.Sherrills v. Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402,2001-Ohio-211, 750 N.E.2d 594. *Page 5 
 {¶ 7} Finally, relief in habeas corpus is not appropriate where there exists an adequate remedy at law. State ex rel. Tucker v. Rogers,66 Ohio St.3d 36, 1993-Ohio-63, 607 N.E.2d 461. Perry was convicted of the offense of escape and was sentenced to a two-year term of incarceration on September 25, 2007. Perry possesses an adequate remedy at law vis-a-vis an appeal from the judgment of the trial court. Coe v.McFaul, Cuyahoga App. No. 89749, 2007-Ohio-2104; State v. Russell, Cuyahoga App. No. 89639, 2007-Ohio-1589.
 {¶ 8} Accordingly, we grant the motion to dismiss. Costs to Perry. The Clerk of the Eighth District Court of Appeals is ordered to serve a copy of this judgment upon all parties as required by Civ.R. 58(B).
Petition dismissed.
 COLLEEN CONWAY COONEY, J., and MARY J. BOYLE, J., CONCUR. *Page 1