[Cite as *Brooks v. State*, 2012-Ohio-1361.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97678

---

# WILLIAM R. BROOKS

RELATOR

vs.

# STATE OF OHIO
# AND JUDGE JOAN SYNENBERG

RESPONDENTS

---

### JUDGMENT:
### WRIT DENIED

---

Writ of Mandamus
Motion No. 451028
Order No. 452931

**RELEASE DATE:**   March 23, 2012

**FOR RELATOR**

William R. Brooks, pro se
Inmate No. 31719-160
McDowell Federal Correctional Inst.
P. O. Box 1009
Welch, WV   24801

**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} On December 9, 2011, the relator, William Brooks commenced this mandamus action against the respondents, the state of Ohio and Judge Joan Synenberg, to compel the judge to rule on postconviction relief petitions, which he filed in December 2010, in the underlying cases, *State v. William Brooks,* Cuyahoga Cty. Common Pleas Court Case Nos. CR-399707, 412373, 415104, 442393, and 445411[1]. On January 5, 2012, the respondents, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness and procedural defects. Brooks never filed a reply. For the following reasons, this court grants the motion for summary judgment.

{¶2} Attached to the dispositive motion are certified copies of signed and file-stamped January 4, 2012 journal entries in each of the five underlying cases denying the postconviction relief petitions because they are untimely and fail to satisfy the statutory requirements to permit the respondent judge to consider an untimely filed petition. These journal entries establish that judge has fulfilled her duty to rule on the petitions and that Brooks has received the relief to which he is entitled, a ruling on the petitions. Therefore, this matter is moot.

{¶3} Moreover, the petition is defective because it is improperly captioned. Brooks captioned this petition as "William Brooks v. State of Ohio." R.C. 2731.04

---

[1] Brooks maintains that he filed these postconviction relief petitions in September 2010, but a review of the dockets in the underlying cases show that he actually filed them in

requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Brooks also violated Civ.R. 10(A) which requires the title of an action to include the addresses of all the parties. Indeed, Brooks never includes his address in his complaint. This makes it difficult to determine whether he has fulfilled the requirements of R.C. 2969.25. These are sufficient reasons to dismiss the complaint. *State v. Perry*, 8th Dist. No. 90373, 2007-Ohio-5540.

{¶4} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Appellate Rule 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402. Furthermore, his unnotarized declaration that the foregoing is true and correct under penalty of perjury pursuant to 28 U.S.C. §1741 is insufficient. *Chari v. Vore,* 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763.

{¶5} Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Relator to pay costs. This court directs the Clerk of the Cuyahoga County Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.

December.

KENNETH A. ROCCO, JUDGE

MARY EILEEN KILBANE, P.J., and
JAMES J. SWEENEY, J., CONCUR