[Cite as *In re McCulloch v. Freidman*, 2012-Ohio-2777.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 97748

---

# IN RE: CEDRIC MCCULLOCH, ET AL.

### RELATORS

### vs.

# JUDGE STUART A. FRIEDMAN

### RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion Nos. 451570 and 452035
Order No. 455625

**RELEASE DATE:**     June 20, 2012

**FOR RELATORS**

Cedric McCulloch, Pro Se
Laurie McCulloch, Pro Se
2820 Lander Road
Pepper Pike, Ohio 44124


**ATTORNEYS FOR RESPONDENT**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Charles E. Hannan, Jr., Esq.
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶1} Relators, Cedric and Laurie McCulloch, are parties in *BAC Home Loans Servicing LP v. McCulloch*, Cuyahoga C.P. Case No. CV-761872, which has been assigned to respondent judge. Relators aver that they filed a counterclaim in Case No. CV-761872 and filed motions for summary judgment and default judgment on their counterclaim. They request that this court compel respondent to grant summary judgment or a default judgment on their counterclaim.

{¶2} Relators and respondent have filed motions for summary judgment. Respondent observes that relators did not file a counterclaim in Case No. CV-761872. He correctly observes that respondents filed a counterclaim in *Third Fed. S. & L. Assn. v. McCulloch*, Cuyahoga C.P. Case No. CV-753811. Indeed, relators acknowledge in their motion for summary judgment that they filed the counterclaim in the wrong case.

{¶3} Attached to respondent's motion for summary judgment is a copy of his January 4, 2012 memorandum of opinion and order in Case No. CV-761872 denying relators' motions for summary judgment and default judgment on the ground that there was no counterclaim pending in Case No. CV-761872. To the extent that relators seek a ruling on their motions for summary judgment and default judgment in Case No. CV-761872, respondent has discharged his duty and this action is moot. To the extent that relators request that this court compel respondent to grant those motions, relief in mandamus is not appropriate. Mandamus does not lie to control judicial discretion.

*See, e.g.*, *In re Barksdale*, 8th Dist. No. 94221, 2010-Ohio-269, ¶ 4.   As a consequence, we grant respondent's motion for summary judgment and deny relators' motion for summary judgment.

{¶4}   Additionally, R.C. 2731.04 requires that an action in mandamus be brought in the name of the state on relation of the person applying.   Failure to comply with this requirement is a ground for dismissal.   *See, e.g., Brooks v. State*, 8th Dist. No. 97678, 2012-Ohio-1361.

{¶5}   Accordingly, respondent's motion for summary judgment is granted and relators' motion for summary judgment is denied.   Relators to pay costs.   The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Writ denied.

_____

JAMES J. SWEENEY, JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR